UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RONALD DELBERT HATHMAN, )
)
    Petitioner, )
)
v. ) Case No. CIV-14-1171-F
)
ROBERT PATTON, Director,[1] )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Petitioner Ronald Delbert Hathman, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned has examined the relevant Petition and recommends dismissal.

## BACKGROUND

In this action, Petitioner challenges his conviction, following a jury trial in the District Court of Kingfisher County, Oklahoma, on one felony count of trafficking in

---

[1] Because Petitioner is incarcerated at a privately operated correctional facility, the current Director of the Oklahoma Department of Corrections, Robert Patton, is hereby substituted as Respondent in this proceeding. *See* R. 2(a), 12, R. Governing § 2254 Cases in U.S. Dist. Cts. ("Section 2254 Rules"); Fed. R. Civ. P. 25(d), 81(a)(4); *Director's Office*, Okla. Dep't of Corr., http://www.ok.gov/doc/About_Us/Director's_Office (last visited Oct. 13, 2015).

illegal drugs after two prior convictions. *See* Pet. (Doc. No. 1) at 1;[2] *State v. Hathman*, No. CF-2010-62 (Kingfisher Cnty. Dist. Ct. filed May 5, 2010).[3] On November 23, 2010, Petitioner was convicted and sentenced to a term of forty years' imprisonment. Pet. at 1.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed on September 14, 2011. Pet. at 2; OCCA Summ. Op. (Doc. No. 1-3); *Hathman v. State*, No. F-2010-1138 (Okla. Crim. App. filed Dec. 3, 2010). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Pet. at 2-3. On June 14, 2012, Petitioner filed an application for postconviction relief in the trial court, which was denied on July 30, 2013. Pet. at 3; Kingfisher Cnty. Dist. Ct. Order (Doc. No. 1-2). Petitioner appealed the denial of postconviction relief to the OCCA, which affirmed on January 13, 2014. Pet. at 4; OCCA Order (Doc. No. 1-1); *see Hathman v. State*, No. PC-2013-797 (Okla. Crim. App. filed Aug. 23, 2013). Petitioner filed his federal habeas Petition in this Court, along with a supporting brief and exhibits, on October 24, 2014. *See* Pet. at 14 (reflecting that Petition was placed in prison mailing system on October 24, 2014); *Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007) (noting that a petition is deemed filed on the date it is presented to prison authorities for mailing); Doc. Nos. 1-1 to 1-6.

---

[2] References to filings in this Court use the page numbers assigned by the Court's electronic filing system.

[3] The undersigned takes judicial notice of the dockets for Petitioner's state-court proceedings, which are publicly available through http://www.oscn.net.

In his Petition, Petitioner reurges the three propositions of error initially raised in his direct criminal appeal to the OCCA: (1) that his detention by arresting officers violated the Fourth Amendment, rendering the cocaine seized from his automobile not properly admissible at trial; (2) that the jury was improperly informed that Petitioner had received suspended sentences on prior felony convictions; and (3) that Petitioner received ineffective assistance of trial counsel, in violation of the Sixth Amendment. Petitioner also reurges the claim raised in his state postconviction proceedings (4) that he received ineffective assistance of counsel on his direct appeal. *See* Pet. 5-11; Pet'r's Br. (Doc. No. 1-5) at 3-17; OCCA Summ. Op. at 1-3; OCCA Order at 1-2.

## ANALYSIS

### A. Screening Requirement and Jurisdiction

The Court is required to review habeas petitions promptly and to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 R. 4. The Rule allows the district court to sua sponte dismiss a petition for writ of habeas corpus if its untimeliness is "clear from the face of the petition itself." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008); *accord Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

### B. The Applicable Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitation for habeas petitioners:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Here, because § 2244(d)(1)(B), (C), and (D) are not implicated by the allegations in the Petition, the timeliness of the Petition is considered under § 2244(d)(1)(A).

C. *Section 2244(d)(1)(A)*

Petitioner alleges that the date of the judgment and sentence in the conviction under attack was November 23, 2010. Pet. at 1. He appealed this conviction to the OCCA, which affirmed on September 14, 2011. OCCA Summ. Op. at 3. Because Petitioner did not file a petition for certiorari in the U.S. Supreme Court, his conviction became final ninety days later, on December 13, 2011. Pet. at 2; *see Fleming*, 481 F.3d at 1257-58; U.S. Sup. Ct. R. 13.1.

The AEDPA limitations period under 28 U.S.C. § 2244(d)(1)(A) began to run the following day and, absent statutory or equitable tolling, or another exception, expired on December 14, 2012. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (citing *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that § 2244(d)(1)(A) limitations period began to run one day after 90-day certiorari filing period ended); *Brown v. Roberts*, 501 F. App'x 825, 831 (10th Cir. 2012) (same). *But see Fleming*, 481 F.3d at 1258 (holding that § 2244(d)(1)(A) limitations period began to run on same day that 90-day certiorari filing period ended)).

D. *Statutory Tolling Under 28 U.S.C. § 2244(d)(2)*

For petitions brought under 28 U.S.C. § 2254, the one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (explaining that "properly filed" means "filed within the one year allowed by AEDPA"). Here, Petitioner's state-court postconviction application was filed June 14, 2012, at which time 183 days remained before the AEDPA limitations period expired on December 14, 2012. *See* Kingfisher Cnty. Dist. Ct. Order at 1; 28 U.S.C. § 2244(d)(1)(A). That application was pending in state court until January 13, 2014, when the OCCA affirmed the trial court's denial of postconviction relief. OCCA Order at 2.

Thus, Petitioner's limitations period was statutorily tolled from June 14, 2012, through January 13, 2014. *See* 28 U.S.C. § 2244(d)(2). The remaining 183 days on his limitations period began to run the following day and expired July 16, 2014. Petitioner

5

did not file this federal action until October 24, 2014. Therefore, unless equitable tolling or an exception applies, Petitioner's § 2254 Petition is untimely under § 2244(d)(1)(A).

   *E. Equitable Tolling*

The AEDPA filing deadline may be equitably tolled in "extraordinary circumstances." *Clark*, 468 F.3d at 714 (internal quotation marks omitted). To be entitled to equitable tolling, Petitioner must "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." *See id.*; *accord Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances appropriate for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner presents no extraordinary circumstance that prevented his timely pursuit of federal habeas corpus relief. Petitioner states only that he is proceeding pro se and entitled to liberal construction of his pleadings. *See* Pet'r's Br. at 1 (citing *Haines v. Kerner*, 404 U.S. 519 (1972)). Such circumstances, however, even for an incarcerated petitioner, generally are insufficient to warrant equitable tolling. *See Marsh*, 223 F.3d at 1220; *Johnson v. James*, 502 F. App'x 807, 810 (10th Cir. 2012). Because the lack of "extraordinary circumstances preventing timeliness and diligent pursuit" of Petitioner's federal claims is clear on the face of the Petition, Petitioner is not entitled to equitable tolling of the AEDPA filing deadline. *See Clark*, 468 F.3d at 714.

## F. Actual Innocence Exception

"[A] credible showing of actual innocence" based on newly discovered evidence "may allow a prisoner to pursue his constitutional claims" as to his conviction, under an exception to procedural and limitations-based bars—including 28 U.S.C. § 2244(d)(1)—established for the purpose of preventing a miscarriage of justice. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1931-32 (2013). Successful actual innocence claims are rare due to the demanding evidentiary requirements for such claims. *See id.* at 1928, 1931, 1936; *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Such claims must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner alleges that his arrest and the seizure of contraband was contrary to the Fourth Amendment, that the jury was improperly informed of certain prior convictions, and that he received constitutionally ineffective assistance of trial and appellate counsel. Pet. at 5-11; Pet'r's Br. at 3-17. Petitioner does not allege, however, that he is factually innocent of the crime for which he was convicted. Petitioner's claimed improprieties in his conviction do not amount to a contention that he is actually (rather than legally) innocent of the crime, and Petitioner presents no such evidence of actual innocence to the Court. *See Schlup*, 513 U.S. at 327-29; Pet. at 5-11; Pet'r's Br. at 3-17. Petitioner's claims, even liberally construed, do not invoke the actual innocence

equitable exception and do not permit continued consideration of his Petition by this Court. *See McQuiggin*, 133 S. Ct. at 1928; *Bousley*, 523 U.S. at 623.

   *G. Summary*

Allowing for statutory tolling under 28 U.S.C. § 2244(d)(2) during the pendency of Petitioner's request for postconviction relief in the state courts, Petitioner's statute of limitations to file this habeas action expired on July 16, 2014. It is plain from the face of the Petition and supporting documents that Petitioner is not entitled to equitable tolling of or an equitable exception to the July 16, 2014 deadline. Because Petitioner's action was not filed until October 24, 2014, the Court should dismiss the Petition as untimely.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) be dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by November 9, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case. The Clerk of Court is directed to serve

copies of the Petition and this Report and Recommendation on Respondent and the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us.

ENTERED this 19th day of October, 2015.

*Charles B. Goodwin*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE