# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| RONALD DELBERT HATHMAN, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| -vs- | ) | Case No. CIV-14-1171-F |
| ROBERT PATTON, Director, | ) |  |
| Respondent. | ) |  |

## ORDER

This action seeks habeas relief under 28 U.S.C. § 2254. Petitioner appears *pro se*, and his pleadings are liberally construed.

Magistrate Judge Charles B. Goodwin entered his Report and Recommendation in this matter on October 19, 2015, recommending that the petition be dismissed as untimely. Doc. no. 9, p. 8. Petitioner objected to the magistrate judge's recommended findings and conclusions, doc. no. 12, and filed an application for a certificate of appealability. Doc. no. 13. The court reviews all objected to matters *de novo*.

Timeliness concerns cannot have been a surprise to the petitioner, because the form which petitioner used to file his petition for habeas relief advises him of the one-year limitation period and requires petitioner to explain why the one-year period should not bar his petition. Doc. no. 1, p. 13, ¶ 18. Nevertheless, because the magistrate judge entered his Report *sua sponte* after an initial screening, petitioner's first opportunity to respond to timeliness issues in a detailed way came in his objections to the Report. For that reason, the court has provided a great deal of leeway with respect to arguments which were not presented in the petition or in the

supporting brief filed with the petition but which arguably should have been presented there.

Petitioner states that "he cannot address the Magistrate's calculation of time line." Doc. no. 12, p. 6. Thus, petitioner does not object to the magistrate judge's "count" concerning when deadlines began to run or when they expired, absent tolling. Petitioner's objections do, however, make certain arguments which go to the magistrate's overall conclusion that the petition is time-barred. Reading these arguments liberally, they propose equitable tolling and an actual innocence exception to the limitations bar.

As for equitable tolling, petitioner argues that he was not aware he could file a post-conviction motion until another inmate told him what he needed to do, and that it was during his research on that subject that he became aware of the federal time line rules. *Id.* He then states that his effort to meet the deadline "was hampered by lack of knowledge, limited access to legal assistance, and facility, lockdown of various duration." *Id.*[1] As stated in the Report, to be entitled to equitable tolling, petitioner must show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim. Petitioner has not argued for the existence of the type of extraordinary circumstances which would entitle him to equitable tolling.

Petitioner's actual innocence argument is also considered here as a possible ground for avoiding the time limit. Petitioner argues (for the first time)[2] that based on

---

[1]Petitioner attaches an exhibit to his brief, doc. no. 12, pp. 7-8, indicating that in the year 2014, and before July 16, 2014 (the date on which the Report calculates the 183 days then remaining in the limitations period expired), petitioner's facility was put on lock-down on two occasions (January 16, 2014 and May 25, 2014) for an unknown duration. The exhibit indicates that other lock-downs occurred after July 16, 2014 (one in July and three in October).

[2]Petitioner's objections contend the magistrate judge misunderstood his argument and that he argued this all along. Doc. no. 12, pp. 1-2. The court rejects this contention. Other than the
(continued...)

where the drugs were found, there was nothing to connect him to the drugs. He argues, for example, that the drugs were found under a bench in a common area of the booking room of the police station, that there was general access to the area, that there was no evidence that any eyewitness saw petitioner drop the drugs under the bench, and that there was no physical evidence (such as fingerprints) to connect petitioner to the drugs. Petitioner argues the drugs could have been under the bench for some period of time, and that the evidence was inadequate to convict him.

As stated in the Report, a credible showing of actual innocence based on newly discovered evidence may allow a prisoner to pursue constitutional claims challenging his conviction under an exception to a limitations-based bar, for the purpose of preventing a miscarriage of justice. Doc. no. 9, p. 7. Such claims of actual innocence must be based on new evidence, and on factual innocence rather than mere legal insufficiency. *Id*.

Petitioner's argument about where the drugs were found is not based on newly discovered evidence. Petitioner concedes that "He cannot present new evidence of actual innocence, but relies on the fact of what did exist, and was used to convict him, [as] grossly insufficient to sustain a conviction." Doc. no. 12, p. 5. In addition, petitioner's argument about where the drugs were found is not an argument which supports actual innocence. Petitioner argues there was nothing to connect him to the drugs because no one saw him drop them, etc. But the fact that drugs were found under the bench on which petitioner was sitting during booking is a fact which could also show possession of the drugs by petitioner.

---

²(...continued)
minor inaccuracy noted in n. 3, *supra*, the magistrate judge correctly interpreted petitioner's grounds for relief.

Other arguments are presented in the objections and have been considered *de novo*. Those other arguments were fully addressed by the magistrate judge, or they are arguments which do not provide a means by which to avoiding limitations. Accordingly, there is no reason to further address those arguments in this order.

After careful review, the court concurs with the magistrate judge's recommendation that the petition should be dismissed as untimely. With one minor modification,[3] the Report is **ACCEPTED, ADOPTED** and **AFFIRMED**. Accordingly, as recommended in the Report, the petition is **DISMISSED** as time-barred.

Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

---

[3]The Report includes a reference to "the cocaine seized from his automobile...." Doc. no. 9, p. 3. In his objections, petitioner argues the magistrate judge was confused when the Report deduced that the drugs were found in the car. The adopted version of the Report is **MODIFIED** to delete the words "seized from his automobile" from the sentence at the top of p. 3 of the Report.

debatable whether the district court was correct in its procedural ruling." *Id*. Petitioner has not made the requisite showing, and a certificate of appealability is **DENIED**.

Dated this 15th day of December, 2015.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-1171p002.wpd